# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES CLIFFORD GEIGER,** *Plaintiff,* v. **GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.,* *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00198-TES** |

## ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME[1] AND MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Over two months after the Court entered Judgment [Doc. 30] in the above-captioned case, Plaintiff James Clifford Geiger filed a Motion for Out-of-Time Appeal (hereinafter "Motion") [Doc. 33] and a Motion for Leave to Appeal *In Forma Pauperis* (hereinafter "IFP Motion") [Doc. 34]. As explained in further detail below, the Court **DENIES** both motions.

### A. Appeal *In Forma Pauperis* Standard

If the trial court certifies in writing that the appeal is not taken in good faith, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445

---

[1] In light of the Court's ruling contained in this Order, Plaintiff's Motion to Appoint Counsel is also **DENIED**.

(1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

### B. Plaintiff's Motions Regarding an Appeal

On October 10, 2019, the Court dismissed Plaintiff's Amended Complaint [Doc. 16] without prejudice for a number of reasons. *See generally* [Doc. 29]. First, the Eleventh Amendment barred Plaintiff's 42 U.S.C. § 1983 claims asserted against the Georgia Department of Corrections ("GDC"), and state sovereign immunity barred the state-law claims Plaintiff brought against the GDC. [*Id.* at pp. 4–6]. Second, Plaintiff's failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), barred his claims against the individual GDC employees

2

named in his Amended Complaint. [*Id.* at pp. 6–8]. The following day, the Court entered Judgment.

Then, on December 19, 2019,[2] Plaintiff moved the Court for leave to file an out-of-time appeal. [Doc. 33]. Generally, to be timely, a notice of appeal in a civil case must be filed in the district court within 30 days after the entry of the judgment or order. *See* Fed. R. App. P. 4(a)(1)(A). A district court may extend the time to file a notice of appeal if a party moves for an extension no later than 30 days after the initial filing period expires and the party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5). The time to file an appeal may also be reopened for a period of 14 days if a district court finds that

> (1) the moving party did not receive notice of the entry of the judgment or order appealed within 21 days after entry; (2) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced.

*Watkins v. Plantation Police Dep't*, 733 F. App'x 991, 994 (11th Cir. 2018) (citing Fed. R. App. P. 4(a)(6)). "Even if all three prongs are met, however, a district court may, in its discretion, deny a motion to reopen." *Id.*

---

[2] Under the prison mailbox rule, a *pro se* prisoner's filing "is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *see also Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (explaining that "the notice of appeal was filed at the time [prisoner] delivered it to the prison authorities for forwarding to the court clerk"). And, "[a]bsent evidence to the contrary," a prisoner delivers his filing to prison authorities "on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

Here, Plaintiff does not specify whether he is seeking relief under Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). However, a review of Plaintiff's arguments in his Motion shows that neither Rule 4(a)(5) or Rule 4(a)(6) would permit an appeal to be taken in this case.

First, Plaintiff's Motion makes no reference to excusable neglect or good cause, Fed. R. App. P. 4(a)(5), nor does it state that he did not receive notice of the Court's Judgment, Fed. R. App. P. 4(a)(6). To the contrary, Plaintiff filed a letter (contemporaneously with his Motion) dated "October 17, 2019," that he received from his attorney notifying him of the Court's ruling, advising against filing a motion for reconsideration or appeal, and clearly stating that Plaintiff was "free to hire other counsel if [he] desire[d]." [Doc. 33-1 at p. 1]. Based on the handwritten dates on the face of the letter, Plaintiff ostensibly received it on October 24, 2019, well within Rule 4(a)(6)(A)'s 21-day notification period initiated by an entry of judgment. Fed. R. Civ. P. 4(a)(6)(A). Thus, there can be no finding that Plaintiff "did not receive notice of the entry of the judgment or order appealed within 21 days after entry," and relief under Federal Rule of Appellant Procedure 4(a)(6) is not warranted.[3]

---

[3] While Plaintiff's Motion "is filed within 180 days after . . . [J]udgment . . . [was] entered," and he can satisfy part one of the second requirement of the three-prong test under Rule 4(a)(6), he cannot however, satisfy the third. Fed. R. App. P. 4(a)(6)(B)–(C). The third requirement—that no party be prejudiced—is not satisfied because Defendants expended a great deal of time and resources in responding to Plaintiff's ultimately unsuccessful claims. Fed. R. App. P. 4(a)(6)(C).

Essentially, Plaintiff is left only with the good-cause or excusable-neglect route, and the Court, therefore, **CONSTRUES** his Motion as one for an extension of time under Federal Rule of Appellant Procedure 4(a)(5). Nonetheless, Plaintiff cannot—nor does he even attempt to—meet the mandates of Rule 4(a)(5). Most notably, Plaintiff did not timely move for an extension within 30 days from the expiration of his initial time to appeal, and this avenue is likewise, foreclosed.[4] *See* Fed. R. App. P. 4(a)(5)(A)(i). Moreover, in this untimely Motion, he merely argues that his attorney's letter to him "was insufficient to put [him] on notice that he could proceed [*pro se*] or request appointment of counsel as an indigent on appeal." [Doc. 33 at p. 2]. Neither of these reasons are sufficient to demonstrate the requisite "good cause" or "excusable neglect" necessary to permit the Court to overlook Plaintiff's delinquent filing and extend his time to appeal. His Motion dated December 19, 2019, is seven days too late. *Compare* [Doc. 30] *with* [Doc. 33 at p. 3]; *see also* Fed. R. App. P. 4(a)(5). In addition to the Court's finding that any appeal taken in this case would be untimely, there is also is no good faith basis for appeal in this case. Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 24(a)(3).

With regard to Plaintiff's IFP Motion, a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the

---

[4] Plaintiff's time for filing a notice of appeal expired on November 12, 2019—30 days after the Court entered Judgment on October 11, 2019. Accordingly, Plaintiff only had until December 12, 2019, to file a Motion for Extension of Time under Federal Rule of Appellate Procedure 4(a)(5)(A)(i).

5

nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Here, Plaintiff did neither. To support his extension-of-time request (as well as his IFP Motion), Plaintiff only argued that his attorney "was permitted to withdraw without filing the mandated motion to withdraw after exhibiting a lack of knowledge as to the mandate of [the] PLRA" and its requirement "that prisoners exhaust prison grievance procedure[s]," and that his attorney's "deficient performance now works to deny [him] [his] right to timely appeal [the] Court['s] decision to dismiss his [Amended Complaint.]" [Doc. 33 at p. 2].

Plaintiff also contends that the Court appointed his attorney and that he was not "given the opportunity to object to appointment of this counsel." [*Id.* at p. 1]. However, this is simply untrue. Plaintiff's attorney initiated this civil action when he filed the original Complaint [Doc. 1] on Plaintiff's behalf, and there is nothing in the record to show that the Court appointed anyone. Before Plaintiff's attorney filed the original Complaint, the Court had no knowledge of this case's existence to even have the opportunity to appoint representation. Plaintiff's representation by his attorney was an agreement made solely between him and his attorney.

All in all, Plaintiff seems to be of the impression that the Court appointed a "deficient" attorney to represent him and that it should, in light of that attorney's allegedly "deficient performance" and "insufficient" letter, permit an untimely appeal. [*Id.* at p. 2]. The Court closed Plaintiff's case when it entered Judgment; therefore,

nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Here, Plaintiff did neither. To support his extension-of-time request (as well as his IFP Motion), Plaintiff only argued that his attorney "was permitted to withdraw without filing the mandated motion to withdraw after exhibiting a lack of knowledge as to the mandate of [the] PLRA" and its requirement "that prisoners exhaust prison grievance procedure[s]," and that his attorney's "deficient performance now works to deny [him] [his] right to timely appeal [the] Court['s] decision to dismiss his [Amended Complaint.]" [Doc. 33 at p. 2].

Plaintiff also contends that the Court appointed his attorney and that he was not "given the opportunity to object to appointment of this counsel." [*Id.* at p. 1]. However, this is simply untrue. Plaintiff's attorney initiated this civil action when he filed the original Complaint [Doc. 1] on Plaintiff's behalf, and there is nothing in the record to show that the Court appointed anyone. Before Plaintiff's attorney filed the original Complaint, the Court had no knowledge of this case's existence to even have the opportunity to appoint representation. Plaintiff's representation by his attorney was an agreement made solely between him and his attorney.

All in all, Plaintiff seems to be of the impression that the Court appointed a "deficient" attorney to represent him and that it should, in light of that attorney's allegedly "deficient performance" and "insufficient" letter, permit an untimely appeal. [*Id.* at p. 2]. The Court closed Plaintiff's case when it entered Judgment; therefore,

contrary to Plaintiff's belief, no withdrawal motion was necessary. Plaintiff's attorney notified him of the Court's ruling and gave explicit instructions to "please let [the attorney] know immediately" if Plaintiff desired to seek appellant counsel. [Doc. 33-1 at p. 1]. To be certain, Plaintiff, after receiving his attorney's letter and presumably reading the enclosed law on federal appellate procedure, failed to timely file a notice of appeal or to timely seek an extension of time to appeal, as provided by Federal Rule of Appellate Procedure 4. *See* [*id.* (notifying Plaintiff of attachments of federal appellate law)]. Thus, the Court **DENIES** his Motion for Extension of Time [Doc. 33], and because any appeal on the merits of this case would not be taken in good faith, the Court also **DENIES** his Motion for Leave to Appeal *In Forma Pauperis* [Doc. 34].

**SO ORDERED**, this 3rd day of January, 2020.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**